UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61368-CIV-COHN
MAGISTRATE JUDGE P.A. WHITE

RAFAEL A. LLOVERA LINARES    :

    Plaintiff,    :

v.    :    REPORT OF
                               MAGISTRATE JUDGE

GILLMAN AND ASSOCIATES, et al.,

    Defendants.    :
_____

    The plaintiff, Rafael A. Llovera Linares, currently detained at the Broward County Jail, has filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. He names as defendants the law firm of Gillman and Associates, P.A. and Ramona Tolley, Esq. , a Court appointed attorney. [DE# 1].

    The plaintiff alleges he received ineffective representation from defendant Tolley, his Court appointed counsel. He seeks a lien on all her personal property. He is obviously dissatisfied with the representation being provided to him in his pending state criminal proceeding.

    For reasons discussed below, the complaint against the defendants is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding <u>in forma pauperis</u> in federal courts. Under the April 26, 1996 enactments, 28 U.S.C. §1915 was amended. As amended, it reads in pertinent part, as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
>\* \* \*
>
>(B) the action or appeal --
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted...
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. <u>See</u> 42 U.S.C. §1983; <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. (1989); <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981); <u>Whitehorn v. Harrelson</u>, 758 F.2d 1416, 1419 (11 Cir. 1985).

It is noted initially that it appears that the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, and therefore this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993). Resolving the plaintiff's Section 1983 claims alleging due process violations would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Further, if the plaintiff is indeed a pre-trial detainee, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973).

Whether the plaintiff has or has not been convicted, this complaint is also subject to dismissal because, based on the

factual allegations, the named defendant, and law firm are immune from suit.

Criminal defense lawyers do not act under color of state law, and therefore are not subject to suit under 42 U.S.C. §1983. Polk County v. Dodson, supra. The defendant Ramona Tolley, Esq., and the law firm of Gillman and Associates P.A. are not amenable to suit in this action under §1983.

It is therefore recommended that as to all defendants this complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and (iii), and that the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this ⁵ day of September, 2006.

UNITED STATES MAGISTRATE JUDGE

cc: Rafael A. Llovera Linares, <u>Pro Se</u>
    #230503717
    Broward County Main Jail
    P.O. Box 9356
    Fort Lauderdale, FL 33310