UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61368-CIV-COHN/WHITE

RAFAEL A. LLOVERA LINARES,

      Plaintiff,

vs.

GILLMAN AND ASSOCIATES, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT OF UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on the Report and Recommendation prepared by United States Magistrate Judge Patrick A. White on September 15, 2006 regarding Plaintiff Rafael Llovera Linares' civil rights complaint [DE 4]. Plaintiff has filed a document entitled "Pleading" [DE 5] that appears to respond to Magistrate Judge White's Report, so this document will be construed as an Objection to the Report and will be addressed herein. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record herein, including the pleadings, the Report and Recommendation, and Plaintiff's "Pleading," and is otherwise fully advised in the premises.

    Magistrate Judge White's Report recommends that Plaintiff's complaint be dismissed in its entirety for several reasons. First, resolution of Plaintiff's Section 1983 claims alleging due process violations would significantly interfere with his pending state criminal proceedings. (Report of Magistrate Judge, p. 3.) Plaintiff responds that Defendant Ramona Tolley is no longer representing him in his criminal proceedings, and so this Court is not prohibited from hearing this case. (Pleading, p. 2 of 6.)

However, regardless of whether Defendant Tolley continues to represent Plaintiff or not, any consideration by this Court of the effectiveness of her representation prior to termination of the attorney-client relationship, and any other constitutional violations related thereto, would significantly interfere with the ongoing proceedings in state court. Thus, this Court is prohibited from interfering in Plaintiff's ongoing state criminal proceedings regardless of the termination of the attorney-client relationship between Plaintiff and Defendant Tolley.

Magistrate Judge White also found that Plaintiff's claims, which challenge the fact or duration of his confinement, are not cognizable in a civil rights case and instead should be brought as a habeus corpus action following the exhaustion of state remedies. (Report of Magistrate Judge, p. 3.) Plaintiff appears to raise no specific objection to this finding.

Finally, Magistrate Judge White found that the Defendants are immune from a suit brought under 42 U.S.C. §1983 because criminal defense lawyers do not act under color of state law. (Report of Magistrate Judge, p. 4.) In response, Plaintiff argues that his claims may be brought against his former attorney and her law firm, citing two Supreme Court Cases. First, he cites Tower v. Glover for the proposition that state public defenders are not immune from suit under Section 1983. 467 U.S. 914 (1984). In Tower, the Supreme Court held that "state public defenders are not immune from liability under §1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights." Id. at 923. The Court noted that it was the allegations of conspiracy that "'cast the color of state law over [petitioners'] actions.'" Id. at 920. In contrast, attorneys,

2

even when employed by the government as full-time public defenders, do not act under color of state law when acting as a "personal counselor and advocate" on behalf of a defendant, described as "essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed." Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Plaintiff's Complaint alleges various failures on the part of Defendant Tolley, but he makes no allegations that Defendant Tolley conspired with the government to deprive him of his constitutional rights.  Thus, Plaintiff fails to allege facts that would indicate that Defendant Tolley acted under color of state law at any point in her representation of him, and Plaintiff cannot maintain a Section 1983 action against her.

Plaintiff also cites Ferri v. Ackerman for the proposition that defense counsel are not immune to suit for malpractice by clients. 444 U.S. 193 (1979). However, in the case at bar, Plaintiff brings a claim under Section 1983 for constitutional violations, not a malpractice claim. As discussed above, defense attorneys cannot be sued under Section 1983, absent allegations of conspiracy with the government, because they do not act under color of state law. Thus, whether or not Defendant Tolley is immune from suit for malpractice is irrelevant; she cannot be sued under Section 1983, and a suit under Section 1983 is all that Plaintiff has brought in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 4] is hereby **ADOPTED**.

3

2. This civil action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is hereby directed to **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of October, 2006.

JAMES I. COHN
United States District Judge

Copy provided to:

Rafael A. Llovera Linares, *pro se*
#2305063717
Broward County Main Jail
P.O. Box 9356
Fort Lauderdale, FL  33310